EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (Cal. Bar Pending)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-4493
    Facsimile:   (213) 894-7177
    E-mail:      Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ONE 2011 MERCEDES-BENZ SL63 AMG, $4,000.00 IN U.S. CURRENCY, $322,980.00 IN U.S. CURRENCY, $7,603.00 IN U.S. CURRENCY, ONE MEN'S ROLEX WATCH, AND ELEVEN ASSORTED WATCHES,<br><br>        Defendants. | No. SACV 16-00458<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(4) and (6)<br><br>[D.E.A.] |

    The United States of America brings this claim against the defendants One 2011 Mercedes-Benz SL63 AMG, $4,000.00 in U.S. Currency, $322,980.00 in U.S. Currency,

$7,603.00 in U.S. Currency, One Men's Rolex Watch, and Eleven Assorted Watches, and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(4) and (6).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this District pursuant to 28 U.S.C. § 1395(a).

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendants are One 2011 Mercedes-Benz SL63 AMG, $4,000.00 in U.S. Currency, $322,980.00 in U.S. Currency, $7,603.00 in U.S. Currency, One Men's Rolex Watch, and Eleven Assorted Watches (collectively, the "defendant assets") seized during the execution of a State of California search warrant on or about July 27, 2015 at the residence occupied by Linh Thi Tran Dang, in Fountain Valley, California.

6. The defendant assets are currently in the custody of the United States Marshals Service in this District, where they shall remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Xiao Lui ("Lui"), Le Hoai Le ("Le"), and Linh Thi Tran Dang ("Dang") may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

8. On or about July 27, 2015, Drug Enforcement Administration ("DEA"), Los Angles Field Division Southwest Border Group 4 agents, assisted by the Long Beach Police Department, Fountain Valley Police Department, and Huntington Beach Police Department, executed a State of California search warrant at the residence of Dang.

9. Beginning in September 2014, Dang was identified as a co-conspirator of Hien Ha Hoang. In exchange for narcotics that the purchaser of narcotics had already received, Dang delivered, at the direction of cell leader Phuong LNU, large amounts of

2

U.S. currency (in excess of $100,000 at a time) to members of Mexican Drug Trafficking Organizations.  During the investigation, law enforcement identified multiple co-conspirators of Hoang, including Dang, who worked with Hoang to move money within the United States and between the United States and Vietnam.

10. On October 18, 2013, law enforcement conducted surveillance at Dang's residence.  During surveillance, officers observed a Vietnamese male courier arrive at Dang's residence empty-handed and then depart carrying a weighted plastic bag.  The courier then drove to a nearby travel business, entered the business empty-handed, and then left with an envelope.  Officers conducted a traffic stop of the courier's vehicle and found approximately $79,000.00 concealed under the seats.  The courier told officers that he had picked up approximately $49,000.00 from Dang's residence and another $40,000.00 from the travel business.  The courier also stated that he had picked up U.S. currency from Dang two weeks earlier.  In addition, the courier stated that he had been gathering the currency to deliver to Hispanic individuals who had transported the money to Mexico.  Finally, the courier also stated that he had delivered approximately $300,000.00 to two Hispanic females for this purpose the preceeding day.

11. Between September 19, 2014 and July 24, 2015, officers intercepted Dang on dozens of wire-tapped phone conversations using multiple phone numbers and coded language to coordinate, with Hoang and other co-conspirators, deliveries of money representing payment for narcotics.

12. In addition to these phone conversations, officers observed Dang during multiple surveillances meeting with various individuals, typically utilizing the defendant 2011 Mercedes-Benz SL63 AMG.  Based upon intercepted phone conversations, officers believe that Dang was delivering narcotic proceeds or other illegal items to these individuals.

13. The 2011 Mercedes-Benz SL63 AMG is registered to Liu.  However, the vehicle was observed by law enforcement to be under Dang's exclusive control.

14. Between July 17, 2015 and July 27, 2015, officers intercepted multiple phone calls during which Dang and a co-conspirator arranged for Dang to provide narcotic proceeds to a money courier.

15. During the October 18, 2013 execution of the search warrant at Dang's residence, officers located defendant Men's One Rolex watch inside the defendant One 2011 Mercedes-Benz SL63 AMG, and a portable money counter.  Officers also located defendant $4,000.00 in U.S. currency inside Le's purse; defendant $7,603.00 in U.S. currency inside Dang's purse; $32,100.00 in U.S. currency (i.e., part of the defendant $322,980.00 in U.S. Currency) inside a bank bag and a black plastic bag, five Rolex watches and four Cartier watches (i.e., part of the defendant Eleven Assorted Watches) inside a safe in the downstairs storage room inside the residence; and $205,880.00 in U.S. currency (i.e., part of the defendant $322,980.00 in U.S. Currency); and two Rolex watches (i.e., the remainder of the defendant Eleven Assorted Watches) inside a safe in an upstairs master bedroom closet inside the residence.  Officers also located $85,000.00 in U.S. currency (i.e., the remainder of the defendant $322,980.00 in U.S. Currency) inside a box on top of a safe in a downstairs storage room inside the residence and a money counter with powder residue on the kitchen counter.

16. A Long Beach Police Department officer and his trained narcotics detection canine, Bodhy, conducted an examination of all currency located during the search.  Bodhy gave a positive alert to each of the bags containing U.S. Currency, indicating the presence of controlled substances or other items, such as the proceeds of controlled substances, which had been recently contaminated or associated with the odor of one of more controlled substances.

17. At the time of the alert, Bodhy was a trained narcotics detection canine who completed the Police Canine Narcotics Detection Course in February 2013.  Certification was achieved through Adlerhorst International Police Canine Training Facility in Riverside, California.  Bodhy was recertified in April 2015.  At of the time of the alert, the canine had received over 440 hours of training and testing in the detection of

marijuana, cocaine, heroin, ecstasy and methamphetamine (and their derivatives), and the canine alerts only to the scent of narcotics for which the canine is trained. The canine's training has included routinely checking odors varying in strength from residual narcotic odor to the odor of pounds of narcotics. Bodhy's alert consists of a noticeable change of behavior with a final response of barking, scratching, staring, or sitting at the location of the odor. At of the time of the alert, the canine had completed over 500 canine successful searches.

18. Dang stated that there was approximately $300,000.00 in the house and that the money was from the sales of a restaurant she owned and land in Vietnam. Dang stated that she did not transfer money in bank accounts because Vietnamese people do not like banks.

19. Based on the facts set forth above, plaintiff alleges that the defendant assets are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because the defendant assets were furnished or intended to be furnished in one or more exchanges for a controlled substance or listed chemical, represent or are traceable to proceeds of illegal narcotics trafficking, or were used or intended to be used to facilitate one or more exchanges of a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq.

20. Based on the facts set forth above, plaintiff alleges that the defendant One 2011 Mercedes-Benz SL63 AMG was used, or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance or listed chemical. The defendant One 2011 Mercedes-Benz SL63 AMG is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant assets;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant assets to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: March 9, 2016

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Christen A. Sproule
CHRISTEN A. SPROULE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# VERIFICATION

I, Jesse E. Odum, hereby declare that:

1. I am a Special Agent with the Drug Enforcement Administration and the case agent for the forfeiture matter entitled United States of America v One 2011 Mercedes-Benz SL63 AMG, $4,000.00 in U.S. Currency, $322,980.00 in U.S. Currency, $7,603.00 in U.S. Currency, One Men's Rolex Watch, and Eleven Assorted Watches.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 3, 2016 in Los Angeles, California.

_____
JESSE E. ODUM

7